IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ALLS,

    Petitioner,

    v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

LEAD CASE NO. 2:15-CV-2323[1]
REL. CASE NO. 16-CV-1001
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Motion to Dismiss*, Petitioner's Memorandum *Contra Respondent's Motion to* Dismiss, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### Facts and Procedural History

On February 14, 2012, Petitioner was sentenced to a term of 15 years after pleading guilty to aggravated robbery and felonious assault charges in Case No. 11CR-02-1081, in the Court of Common Pleas for Franklin County, Ohio. (ECF Nos. 1-1, PAGEID # 7; 11-1, PAGEID # 103–04.) On February 28, 2012, Petitioner filed a direct appeal of that determination *pro se* in the state court. (ECF No. 11-1, PAGEID # 109–11.)[2] Petitioner alleges that he was unsure about what to do after filing the notice of appeal but that he assumed that he would

---

[1] Any future filings must be filed under the lead case number and use docket identification numbers from the lead case.

[2] Although Petitioner alleges that his notice of appeal was filed by a court appointed attorney in his Memorandum *Contra* (ECF No. 12, PAGEID # 132), elsewhere he alleges that he filed a notice of appeal "of his own accord" (ECF No. 1-2, PAGEID # 21.) Moreover, the record indicates that Petitioner signed the notices of appeal. (ECF No. 11-1, PAGEID # 106, 109.)

receive instructions from the court of appeals. (ECF No. 1-2, PAGEID # 21.) Petitioner further alleges that that he attempted "to contact his trial counsel several times to ask about appeal procedures," and that his "family attempted to contact [his] trial counsel," but that his "attorney never responded." (*Id.* at PAGEID #22.) Moreover, Petitioner alleges that "access to the law library was minimal at best," but that in any event, he never visited it, believing instead that he would eventually hear back from the court or his attorney about his appeal. (*Id.*)

Petitioner's appeal was dismissed on April 19, 2012, for failure to file an appeal brief. (ECF Nos. 1-1, PAGEID # 7; 11-1, PAGEID # 108.) Petitioner alleges that he "did not become aware of the dismissal until he arrived at his parent institution and inquired with the Court about the status of his appeal." (ECF No. 1-2, PAGEID # 18.) Although he does not allege precisely when he made that inquiry, or when he received a response to the same, he alleges that "upon becoming aware" that the appeal had been dismissed, he "immediately filed . . . a motion for delayed appeal." (*Id.*) The state-court docket indicates that Petitioner filed a motion for a delayed appeal on June 12, 2014— more than two years Petitioner's appeal was dismissed. (Franklin County Common Pleas, 14-AP-000469, Docket 6/12/14.) Petitioner's motion for a delayed appeal was denied on June 23, 2014. (ECF No. 11-1, PAGEID # 117.) Petitioner filed a notice of appeal from that determination with the Ohio Supreme Court on July 28, 2014. (ECF No. 11-1, PAGEID # 124.) On October 22, 2014, the Ohio Supreme Court declined to exercise jurisdiction over that appeal. (ECF No. 1-2, PAGEID # 26.)

Approximately seven months later, on May 27, 2015, Petitioner executed the instant petition for a writ of habeas corpus under 28 U.S.C § 2254. (ECF Nos. 1-1, 1-2.) On June 22, 2015, Petitioner successfully moved to withdraw his federal habeas petition. (ECF Nos. 4, 5.) On July 8, 2015, Petitioner sought a petition of habeas corpus in the Ohio courts, but that relief

was denied on April 26, 2016. *Alls v. Miller*, No. 15 BE 0043, 2016 WL 1730527, (Ohio Ct. App., Belmont County, April 25, 2016). After Petitioner's state habeas action was dismissed, this Court permitted him to reinstate his federal habeas petition on September 12, 2016, conditioned upon payment of the $5.00 filing fee. (ECF No. 7.) Instead of paying that fee, however, on October 19, 2016, Petitioner filed with this Court an identical copy of his petition in a new federal habeas corpus action, which was assigned Case No 2:16-CV-1001. On May 16, 2017, this Court found that the two federal habeas actions were, for all material purposes, identical, and thus consolidated them. (ECF No. 9.)

In his single assignment of error, Petitioner asserts that the state court of appeals "erred when it did not allow [Petitioner] to proceed with a delayed appeal." (ECF No. 1–1, at 2.) Respondent asserts that Petitioner's claim is time-barred.

## Statute of Limitations

The Undersigned agrees that Petitioner's claim is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S. C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under the terms of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on June 4, 2012,[3] *i.e.*, forty-five days after the state appellate court dismissed his direct appeal, and when the time for filing a timely appeal from that determination with the Ohio Supreme Court expired.[4] Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i); *Gonzalez v. Thaler,* 566 U.S. 134, 149–50, 132 S.Ct. 641, 653-54 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). The statute of limitations began to run the next day and expired one year later on June 5, 2013. Petitioner did not execute the instant petition until May 27, 2015— approximately two years after the statute of limitations expired on June 5, 2013. His petition is thus time-barred.

Petitioner's other post-conviction filings in the state courts (the first of which was the unsuccessful motion for a delayed appeal, filed on June 12, 2014) do not toll the statute of limitations because they were all filed after the limitation period had already expired. Unsuccessful motions for delayed appeals and state collateral actions do not resurrect an expired limitation period under § 2244(d)(2). *Armstrong v. Warden*, Case No. 1:15-CV-783, 2016 WL 4778367, at *4 (6th Cir. 2016) (explaining that unlike a successful motion for a delayed appeal,

---

[3] The forty-fifth day was June 3, 2012, a Sunday, and thus Petitioner had until the following day to file.

[4] The Court does not find that pursuant to §2254(d)(1)(D), the one-year statute of limitations began running only after Petitioner learned that his direct appeal had been dismissed— the petition does not allege facts showing that Petitioner was unable to discover, through the exercise of due diligence, that his appeal had been dismissed prior to that date. Instead, as explained *infra*, the Court concludes that Petitioner was not diligent in this regard.

an unsuccessful motion for a delayed appeal cannot restart the running of the statute of limitation under § 2244(d)(1)(A), but can only toll an unexpired limitation period under § 2244(d)(2)); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitation period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Further, the petition fails to allege facts demonstrating that equitable tolling of the time limitation in § 2244(d)(1)(A) is warranted. A petitioner is entitled to equitable tolling of that period only if he shows: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010).[5] "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling is applied only sparingly. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).

The petition does not allege that Petitioner diligently pursued his rights. It states that Petitioner's motion for a delayed appeal was untimely because he did not learn that his appeal had been dismissed until after he arrived at his parent institution and asked the state court about the status of his appeal. (ECF No. 1-2, PAGEID # 18.) He does not state when he contacted the state court, but he alleges that he "immediately" filed his motion for a delayed appeal when he learned that his appeal had been dismissed. That motion for a delayed appeal was filed, however, two years after the appeal was dismissed. Petitioner does not provide an adequate explanation for why he waited approximately two years to contact the court and learn that his

---

[5] Equitable tolling is also available when a petitioner makes a credible claim of actual innocence on the basis of newly discovered evidence. *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner does not allege this basis for tolling.

appeal had been dismissed. *See Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) ("While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update, . . . this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half.") Petitioner states only that he and his family made "several" unsuccessful attempts to contact his attorney about appeal procedures (ECF No. 1-2, PAGEID # 22), but he fails to indicate precisely how many attempts he or his family made, or when they made them. *See Fitts v. Eberlin*, 626 F. Supp. 2d 724, 730 (N.D. Ohio 2009) (finding that a petitioner was not diligent where he alleged that his letters to his attorney had gone unanswered but failed to specify when he had allegedly sent the letters). Moreover, Petitioner offers no explanation as to why he waited another year after that to file his federal habeas petition.

Nor does the petition allege that some extraordinary circumstance stood in Petitioner's way and prevented timely filing. Petitioner alleges that he had very little knowledge of the law and that he was unsure of what to do after filing his notice of appeal. (ECF No. 1-2, PAGEID # 21.) Nevertheless, a prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (6th Cir. 2011) (citation omitted); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). These conditions are typical for many prisoners and simply do not constitute exceptional circumstances. *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016.)

**Recommended Disposition**

Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE